# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 10-cr-00456-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LOUIS CONSTANTINE HAMPERS,
    a/k/a Mark Hampton,
    a/k/a Marc O'Hara,
    a/k/a Carl O'Hanlon,
    a/k/a Lou Gray, and
    a/k/a Louis Gray,

    Defendant.

---

# MINUTE ORDER[1]

---

    The matter comes before the court *sua sponte.* This matter is set for sentencing hearing on Wednesday, January 23, 2012, commencing at 9:00 a.m. (MST).

    On January 17, 2012, **Defendant's Motion for Downward Departure or Variance Pursuant to 18 U.S.C. §3553** [#134][2] was filed. This motion is not timely under D.C.COLO.LCrR 32.1C., which requires that "No fewer than 14 days before sentencing the parties may file motions for a departure or a variance from the applicable sentencing guideline range." Although not required to do so, the government has not filed a response to the motion [#134]. Thus, the court is unaware of the position of the government at sentencing
.
    On January 19, 2012 – a mere three business days before sentencing – a voluminous presentence report was filed. The presentence report is not timely filed under Fed. R. Crim. P 32(g). Despite its best efforts, the court was unable to begin its

---

[1] This minute order is issued pursuant to the express authority of the Honorable Robert E. Blackburn, United States District Judge for the District of Colorado.

[2] "[#134]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

review of the report until today, January 23, 2012.

From even a cursory review of the defendant's motion [#134] and the presentence report, it is clear that the mental health of the defendant, both at and before the commission of the crimes to which the defendant entered pleas of guilty pursuant to his plea agreement [#88] and at the time of sentencing, will be material to sentencing. However, the court needs more time not only to review the voluminous information relevant to sentencing, but also to determine whether to exercise its discretion to order a study of the defendant under 18 U.S.C. § 3552(b) and/or a psychiatric examination under 18 U.S.C. § 3552(c), the results of which must be disclosed in the time required under 18 U.S.C. § 3552(d).

After considering these circumstances, the court determines (1) that the sentencing hearing should be vacated and continued pending further order of this court; and (2) that defendant's motion [#134] should not be stricken as untimely, but instead, that the government should be given a reasonable opportunity to respond to the motion.

**THEREFORE, IT IS ORDERED** as follows:

1. That the sentencing hearing now set for Wednesday, January 25, 2012, is vacated and continued pending further order of this court; and

2. That by February 6, 2012, the government shall file a response to **Defendant's Motion for Downward Departure or Variance Pursuant to 18 U.S.C. §3553** [#134].[3]

Dated: January 23, 2012

---

[3] After the court has the benefit of the government's response, the court will determine whether to proceed under 18 U.S.C. § 3552(b) and/or (c).